IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| C. J. P. M., | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:26-CV-1696-K-BK |
| | § | |
| WARDEN PRAIRIELAND DETENTION | § | |
| CENTER, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner C.J.P.M's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. On May 26, 2026, Petitioner, an alien detainee, filed his petition challenging his pre-final deportation order detention by Immigration Customs Enforcement (ICE). Doc. 1 at 1-5. He requests an individualized bond hearing or to be released under reasonable conditions of supervision. Doc. 1 at 6. However, because his removal order is now administratively final, the issues presented in the habeas petition are now moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Government records available online confirm that an immigration judge ordered Petitioner removed on April 27, 2026, and that his removal order became administratively final when he did not appeal to the Board of Immigration Appeals (BIA) within the allotted time.[1] *See* 8 C.F.R. § 1241.1(c) (an order of removal becomes administratively final "[u]pon expiration of the time allotted for an appeal if the respondent [the alien petitioner here] does not file an appeal within that time"); 8 C.F.R. § 1003.38(b) (effective Mar. 9, 2026) (providing for 10 or 30 days to appeal to the BIA from the immigration judge's decision depending on the case).

As a result, Petitioner is no longer held as an applicant for admission under 8 U.S.C. § 1225(b)(2) or subjected to pre-final-deportation-order detention under 8 U.S.C. § 1226(a), as he alleges in his petition.  His detention challenges are thus moot.  *See Andrade v. Gonzales*, 459 F.3d 538, 543-544 (5th Cir. 2006) (petitioner, whose removal case became administratively final after he challenged his pre-final-deportation-order detention, could no longer state a claim for relief under 8 U.S.C. § 1226(c)).[2]

---

[1] Automated Case Information for immigration cases is available on the EOIR website at the following link:  https://acis.eoir.justice.gov/en/ (last accessed on June 4, 2026).

[2] Petitioner's detention is now governed by 8 U.S.C. § 1231 pending his removal from the United States.  *See Andrade*, 459 F.3d at 543.  Even liberally construing the petition to challenge his post-removal-order detention under § 1231, his claim is premature.  Petitioner cannot show that he has been in post-removal-order detention for at least six months from the date his removal order became final.  *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (affirming dismissal as premature where six months had not passed at time of filing); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that it is presumptively constitutional for an alien to be detained for *not* more than six months after a final order of removal).

For the foregoing reasons, the petition for a writ of habeas corpus should be

**DISMISSED WITHOUT PREJUDICE** for want of jurisdiction as moot.  FED. R. CIV. P.

12(h)(3).[3]

**SO RECOMMENDED** on June 12, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[3] It also appears Petitioner is no longer in ICE custody.  *See* ICE Online Detainee Locator available at https://locator.ice.gov/odls/ (last accessed June 4, 2024).  Because the habeas petition only sought Petitioner's release from custody pending removal, it is also moot for this additional reason.